May it please the court. My name is Howard Belida. I'm here representing the appellants today. I'd like to reserve five minutes of my time please. The appellants brought this case to challenge the city ordinances prohibiting camping and disorderly conduct for sleeping under the Eighth Amendment. The plaintiffs sought declaratory injunctive relief as well as some damages. The plaintiffs sought to prevent the enforcement of these statutes when when the homeless shelters in Boise were full. The issues today for the court concern the District Court's dismissal of the prospective injunctive and declaratory relief as well as the dismissal under the Rooker-Feldman doctrine for lack of subject matter jurisdiction of the retrospective relief. Can I ask you a question on the prospective relief? It's unclear to me whether you are challenging the constitutional validity of the new altered ordinance as well and if not maybe you could address the circumstances in which a changed statute or ordinance renders prospective relief moot. Yes, Your Honor. We are challenging the change in the in the ordinance. So your view is that it still is not constitutional? That's correct, Your Honor. Okay. But it's not only ordinance because the ordinance was only amended to somewhat define the definition of camping. The disorderly conduct ordinances were not amended and now we and and what what the city did was issue what they call the special order and we we contend that that that order because of its deficiencies do not justify a voluntary secession dismissal and do justify the voluntary secession exception to the mootness doctrine and I know the court asked me to address the white case and the American transport case and I can do that right now or I can go into the special order whatever the court prefers but I think it's really clear that those two cases are certainly distinguishable from that special order. There are so many in my view deficiencies that would not meet the Davis two-part standard would not meet the formidable the heavy burden the stringent stringent standard that that the city had to meet to find that that there was no reasonable expert expectation that the illegal conduct would recur or that the interim relief or events would completely and irrevocably eradicate the illegal conduct. We don't think they met the circumstances are such that the special order could not do that. We know that the special order is really voluntary. We know that it was unmonitored. We know it was so vague it used terminology available space they had a separate protocol that talked about space or or or the shelters being full and there was no definition it's not tied to anything. So counsel is your primary challenge to the ordinance as modified by the order vagueness? Well we're not we're we're not challenging the vagueness decision your honor we just believe that given how it defines camping and the fact that this orderly conduct specifically prohibits sleeping and I think that the new definition in camping also prohibits sleeping that we're contending that it continues to violate the Eighth Amendment it hasn't eradicated the effects of the of the violations. Okay so your primary challenge to the ordinance is an Eighth Amendment challenge? Yes your honor. We believe that that the changes did not make this the permanent the permanent change necessary because it didn't provide those definitions and the evidence was was such for example that that the two of the shelters used a definition of actual capacity and what that meant was a janitor went through the the shelters and they figured out how many mats they could put on the floor 36 inches apart. Okay no concern over safety and fire codes. In one shelter the shelter capacity space however you want to call it went from 37 beds to 117 beds and so no wonder they never called they couldn't they never had fit that many people in there but that doesn't that doesn't mean that shelter was available in this in the sense where you can pack them in violate fire and safety and endanger those people. Counsel could you articulate for me precisely the contours of your Eighth Amendment challenge? Well your honor it's really based upon the Jones decision that was vacated but the Eighth Amendment challenge is that the city is punishing the status of homelessness and they don't have any safe harbors under the ordinances they don't have they don't tie as Jones indicates any kind of criminal conduct to a violation of the decision that supports your argument that this ordinance by targeting the status of the people who've been cited violates the Eighth Amendment. Well that was the Supreme Court Jones is based upon the Supreme Court's decisions of Robertson and Powell your honor and and and their interpretation we basically agree with that interpretation but I don't think the district court never really reached that issue because it is that before us or we strictly here on whether dismissal is proper or not proper. In my in my view your honor because of a summary judgment and the court's decision that I don't believe the merits of the of the Eighth Amendment are here before the court I believe that if the court didn't have jurisdiction under the mootness doctrine and Rick Riffelman how could it get to the merits and I believe that there were a summary judgment. So we're here really on the procedural issues in your view? That that's that's what I believe your honor and that is the focus of most of my brief. And with respect to the retrospective relief why wouldn't the heck doctrine heck versus Humphrey be a problem I know that's not something that the parties have decided to rely on but if you obtain damages for having been convicted under this ordinance isn't that a collateral attack on the conviction that should have been brought at the time by appealing the conviction? Well your honor that that kind of folds into the Rick Riffelman analysis and there's separate issues heck deals only with criminal cases and in general terms holds that you can't bring a civil case that undermines the validity of a previous criminal conviction. Rick Riffelman is much broader than that it applies in civil cases and it has to do I mean heck can deal with a federal conviction too. Rick Riffelman is about state judgments. Yes your honor we claim damages as one of our requests for relief based upon the unconstitutionality of the statute based upon. Right and that's something that could have been raised by appealing the conviction in the first instance right anytime you're statute under which I was convicted is void because it's unconstitutional and therefore I should not stand convicted so the question and the question is whether there's some exception to the heck bar on sort of civil collateral undoing of a criminal conviction. Well I don't think we undo the criminal conviction here your honor and I don't think that's what we intended to do in this. Well how would you get damages for being convicted if you were properly convicted? Well if you were unlawful if your rights were violated and you were unlawfully confined in a jail I believe you could get damages for for that confinement I believe you get damages for your lost wages if you lost those wages. Right but you do so on a theory that it was not proper to convict you that's your theory I mean one could also have like they beat me in prison that's a whole different ballgame but you're saying I never should have been convicted. Well but but we are challenging this the statute. I understand that. But how do you get to that if you don't if you aren't addressing the merits of the constitutionality of the ordinance how do you get to this how do you get to that determination if the only issue here is whether or not the court had jurisdiction you never get to the merits then under under your theory right? Well you would get to it if the court if this court reverses the dismissal on on mootness and and Rupert Feldman. Here how would we make that determination if the merits are not before us how do we determine the heck question if we can't delve into the merits of whether or not the statute was constitutional. Well your know it was in a footnote or something in the city's briefing and and it's not their claim so one possible answer to this is that they've waived the opportunity to rely on it depending on whether it's jurisdictional or not jurisdictional which we have to sort out there also are some cases that suggest that if you've already completed your your time and you get no benefit in shortening your time that maybe heck doesn't apply there so there are some possible exceptions but it's still of concern to me at least this member of the panel. I can appreciate that your honor and I'm sorry I'm not better prepared because I didn't realize that that was going to be an issue that would be dealt with so so specifically today it wasn't really argued in the district court I don't believe that the district judge magistrate addressed that. That's true. So whether you know whether it's waived or not I think I think that's a valid question because obviously the court doesn't really consider things that work except if it's jurisdictional below so I I would just say that that even if our even if our claims for retrospective relief were somehow barred I still think that our claims for the prospective relief are viable that the that the white case and the American transport case really highlight the the why that would be so if you recall in the white case we had a assistant secretary issue a memorandum it had been in effect for five years it provided all the relief that the plaintiffs requested but but what the court said is that the memorandum quote was broad in scope and unequivocal in tone there were very specific guidelines and to protect against violations of the First Amendment during so that so the HUD would not charge these people with violations of the Fair Housing Act it it even said that that all decisions had to be conducted in close consultation with counsel it said that all decision all decisions regarding allegations of violations must be cleared with headquarters before a complaint was filed and that more importantly that the officials must defer in upholding the constitutional protections and must err on the side of the First Amendment we don't have that here the officers are prohibited from even calling the shelters that the the special order has holes in it where if a disabled person is can't stay or is excluded from the shelter there's no way of knowing that because they don't report that if a breach their maximum say we don't know that because they don't report that and and so the officers will write these tickets and that's what happened that actually is what happened with the plaintiffs can't say you have about a minute remaining if you wanted to save a little bit for rebuttal oh I'm sorry you have to catch your own time I mentioned that at the beginning yes thank you good morning your honors may it please the court counsel my name is Scott Muir I represent the city of Boise Boise Police Chief Michael Masterson and the Boise Police Department like to acknowledge that with me at council table today is the Boise City Attorney Kerry Koliani I'd like to direct my comments first the the district court in this case found two issues they found the retrospective relief under the Rooker Feldman and under mootness they found the prospective relief and I said so do you agree with opposing counsel that we're here on procedural questions not to decide the merits I do your honor so even if we disagree with the district court what would happen is to return the case to the district court without deciding anything about the merits correct if we think the district court had jurisdiction over some or all claims I believe it's just remanded I believe that is correct okay thank you I'd like to state the the overall view that the the city of Boise has about this matter it's the city of Boise's position that we have never had a policy and have never actually cited people under the camping or sleeping ordinances when shelters are unavailable the posture of how this case came about is that counsel for the plaintiffs in this matter approached the city of Boise with ordinances so we sat down with them under an agreement that we would take a look at it we still disagreed that we had ever done anything that was unconstitutional unlawful or wrongful so as as part of that agreement sit down and negotiate with them in good faith we amended the ordinance and we came up with the special order that you'll see in the record that is a whole program that the homeless shelters will call in and tell the police officers whether or not there is shelter space available but counsel now you're this is why I asked what I asked at the beginning now you're talking to us about the merits you're saying we have a terrific policy and we don't think there's ever been anything wrong with it there still isn't it's even better than it used to be but all that is about the merits so why does the Rooker Feldman doctrine apply to the decisions of the state court about the guilt of the plaintiffs of violating the ordinance your your honor I do agree Rooker Feldman on the retrospective applying to the state court criminal law claims definitely Rooker Feldman applies they are why because they're asking for a de facto appeal of those state court judgments but are they challenging the citations in any way are they saying that the citations should be eradicated or deleted from their criminal histories correct they have asked that they reverse the state court fines the state court costs the jail fees and expunge the criminal records they are asking the federal district court to be the appellate court to sit on that criminal state court judgment and that's exactly what Rooker Feldman doesn't allow them to do they're somehow thinking that the federal district court will be the super appellate court for state court decisions and that perspective relief well perspective relief I I believe that it is correct and and the reason I was going in correct I believe the perspective relief the court was mootness why there I mean that's why it appeared to me from what I read and counsel confirmed it this morning that as far as the plaintiffs are concerned they think that everything that is happening today after the changes in policy remains unconstitutional they're still challenging it as being wrongful so they may be incorrect about that you could win on the merits but it's not as if they say you know there's a stop sign that's in my way and you've taken it out and bulldozed the land it's not that kind of gone so if they're still challenging the new form of the ordinance why is it moot well I think it is moot but I will kind of back off on what I said your honor because I think that does go to the merits the district court found mootness because of the change in the ordinance but why is that correct if if it if it doesn't solve the problem that is in the complaint it's like apples and oranges you know you've got a complaint about apples and you say I have brand new oranges and so they're saying why does that make the complaint moot it makes a difference because the district court did find that the special order did solve the problem well I know but we have review of that so why is that correct I believe it's the same analysis that the district court did and I agree with you this is de novo so so you can take a look at it on a new basis but I think that you'll come to the same conclusion that the district court was right we have you ask us to to look closely at white V Lee and American cargo and I think those kind of set forth the the mootness issue and and in white you had a memorandum change that went out well in our case in front of us we have much larger change that we made by enacting this special order so our policy is not temporary it's become entrenched what what do I make of the district court's statement at page 71 of the record which I found quite startling coming right before the tagline the claims for prospective relief are largely moot in light of the city's special order well if they're largely moot then smallly there's something still remaining I you know I don't even I guess I don't understand what the district court was doing there and maybe you can help me out your honor to the extent that the district court used the word largely I really don't know I I think they are moot is that was he just carving out the vagueness claim that he talks about on the next page is that you're understanding well that could be in and you know the court went on the district court went on and said that as a matter of law the unconstitutionally vague unconstitutionally overbroad claims are gone and as well as the violation for the constitutional right to travel and those aren't part of the appeal in front of you there's the two issues Rooker Feldman and and mootness so the court did rule on those and those haven't been appealed what if the vagueness ruling has not been appealed is that what you're saying yeah vagueness overbroad and then the they also had a constitutional claim for right to be able to travel and the district court held that that was had failed and so I believe that the appellants have just I guess logically I have some I guess I have some difficulty understanding how some of the how the district court can say I'm gonna rule on the merits of some claims but some claims are moot and I guess that goes back to the question whether under plaintiffs complaint the special order takes away everything that they're complaining about in that aspect of the case is that is that the question we have to answer yeah your honor I think what the district court is saying is that with this special order there's no possibility they felt assured that under the special order people would not be cited under either camping or sleeping if there was no shelter space available and that's the whole contention of plaintiffs Eighth Amendment claims is that that you're criminalizing homelessness because they don't have any place to go well the special order make sure that they that they do have a place to go that there's shelter space available at that time and if there is they're in violation of those ordinances because they could go someplace Council does it matter in this case that the criminal convictions were for misdemeanors does that matter to the Rooker-Feldman analysis your honor I don't know that it does except for I mean you in the state of Idaho you are in the magistrate for misdemeanors you're on a far removed from higher state courts that's my concern is whether or not the plaintiffs in this case would have had an opportunity to even litigate the constitutional issues before I mean it court I think surely they needed to do it if they were going to what could they that's judge Rawlinson's question was that a possibility and they were represented by counsel I think there was only one of the citations where one of the defendants was pro se so they had counsel and the one pro se was advised of his rights that he could get counsel and could get a public defender so I I think absolutely Rooker-Feldman applies that it is a de facto appeal guilty yes they did there was one or two that had been dismissed but other than that they pled guilty I'd like to in the last few minutes go back to to white vs. Lee and American cargo to where I just like to emphasize that the city of Boise in changing the ordinance and in coming up with the special order they worked with the whole community on this they they got buy-in from the homeless shelters that they would call in and advise whether or not they had space they arranged for a dispatcher that would dispatch it to the officers out in the field so that they would know and they got buy-in all the way up the chain where their representatives from the homeless community there not that I'm aware of your honor the homeless shelter people were the ones that were the special order was worked out with counseling view of your references several times in your argument to to the city's willingness to be cooperative in your view is this a case that would benefit from our mediation services to work out ordinances and procedures that would satisfy everyone you don't you may not have authority to answer that your honor I I don't think it would because I think my view is that we really did do everything that needed to be done to make sure that the ordinance was constitutional and that people were were not being cited if they didn't have a place to go but the fact that it's being challenged means that perhaps you were not as successful as you hoped well your honor I beg to differ I think if you look at the record you'll never find anything in the record other than people saying well when I got cited I had no place to go but there's nothing in the record that shows that anybody was actually cited when they had no place to go a lot of those people didn't want to go to a shelter but there's so I would refer you to the record and I don't think you'll find any place where I mean there's evidence in the record that some of the shelters had conditions that were not acceptable such as not accepting families together I mean so there's a question as to whether or not there was shelter available if it was conditioned on matters that people that were unacceptable well the end that was the object of this special order is there's several homeless shelters in Boise and and it addressed the different populations so it addressed whether or not there is homeless shelter available for men if there's homeless shelter available for women and if there's homeless shelter available for women with are not covered if there's no shelter space available they will not be cited of course that's the merits and we're not here on that but but to some extent they go to the merits to the extent of what whether or not it's moot because a district court had to say look I looked at the special order and it resolves it because I but you have to look at it next to the complaint not next to the because the complaint defines what the plaintiffs think is wrong and so if they think ten things are wrong and you think five things are wrong and you fix those five it doesn't make the matter moot do you understand what I'm saying you're talking to us about how the special order fixes the real world but to me the question is how does the special order read side-by-side with a that's the only way it can be rendered moot as distinct from decided on the merits and so I'm having difficulty seeing why everything that is said in the complaint no longer could apply for example you've just named off men women and women with children but you haven't named couples with children or disabled individuals I mean there's stuff in here that isn't to my view covered by the special order looking at the complaint not saying whether it's right or wrong well I guess I I don't have an answer for you there your honor I mean I think that the special order addressed the homeless populations that they saw that were out there it does refer to the people that they need to keep in mind disabilities and such but the the district court found that they thought that that it was sufficient that people couldn't be cited if they didn't have a I won't try to get back thank you no we won't make you give it back so we'll listen to everything so let me just ask one question did plaintiff Godfrey was Godfrey ever cited for a violation of an ordinance yes he was the one who was cited he has numerous medical conditions he was the one cited for being along the blanket and stayed the night and the officer came upon him and cited him for camping he was physically unable to go where do where do I find that you don't need to look for it now in my brief I separate each plaintiff I'm sure it's it's right there I just quickly wanted to jump through the Rooker Feldman and I think it's most important Rooker Feldman really doesn't concern when the adverse party is not a state court or state court judge and it's a city the city ordinance here and we we did not complain so I just want to go to to the question that Judge Graber asked we about the possibility of working this out in mediation were you involved before yes I've been involved from day one your honor and I will say we attempted to mediate before we filed this case and we were not invited to the special order the special order is a non-public document there's no way a person will know about it we were not asked to comment on it before it was adopted and so I disagree with counsel on that I would note for the court that that we were invited and I did fill out that mediation statement when the notice had after notice was filed we had a telephone conference counsel indicated basically his position he had today and that's fine not everybody not everybody's client is willing and that's about the Rooker Feldman doctrine counsel for the city represented that the plaintiffs were seeking for the convictions to be expunged for the fines to be to be given back to them so does that in your view challenge the criminal decisions are very specific about it has to seek to vacate or set aside an erroneous decision of the state court and we did we did not do that and I think it was in the mouth aren't you doing that indirectly by saying we want these convictions expunged we want the fines refunded but isn't that an indirect challenge to the conviction well as for expungement expungement is is not a challenge to the conviction expungement under Idaho law I think this is generally true is an equitable remedy that says that the court expunged it from the record it does not mean the conviction is overturned not at all both under Idaho rules I say this in my brief well he he classifies that as refund refund of funds we just we just we don't say it's a refund we say that's part of our damages they also had jail incarceration costs assessed for them for being in jail so there are numerous elements of damages here that have nothing to do with the underlying court judgment so we we don't think that those in in and of them themselves you know under the cases under no there were four for fourth state court lawsuits between the parties before they the an old challenge in federal court that the constitutionality of in his case so that's all I think if the court has no more questions if you'll wrap up because you also have exceeded your time thank you for a few seconds to wrap up if you'd like um it's it's our position your honor that the court erred in dismissing this case for on mootness grounds and under the record Feldman and we believe that it is proper for the court to remand this case on the merits and let let the decision on the merits be done in the district court in the council we appreciate the arguments of both parties they've been very helpful on this interesting and difficult case the case is submitted and we stand
judges: Black, Graber, Rawlinson